B. G. REIMER, Appellee, v. FRED SWINGLE, Appellant.

APPEAL AND ERROR: Harmless Error—Instruction Favorable to Appellant. Where the time corn was to be delivered, under a contract for sale, was a question for the jury, and both parties had testified as to an offer of compromise, an instruction that the offer of compromise was not an admission of indebtedness, and was only to be considered as bearing upon the contract with respect to delivery, was favorable to the appellant, and was harmless error, of which he cannot complain.

*Appeal from Pottawattamic District Court.*—THOMAS AR-
THUR, Judge.

APRIL 12, 1919.

ACTION to recover from defendant a balance alleged to
be due upon a verbal contract for the sale of corn.   Trial
to a jury.   Verdict and judgment for plaintiff.   Defendant
appeals.—*Affirmed.*

*Tinley, Mitchell, Pryor & Ross,* for appellant.

*B. A. Goodspeed,* for appellee.

PRESTON, J.—Plaintiff claimed that the contract, made
February 20, 1917, was that he sold the corn at the agreed
price of 90 cents per bushel, plus the rise in the market price
of the corn at the time of delivery; and that this corn should
be delivered not later than April 20, 1917; that the corn was
delivered about April 20, 1917; and that the market price
at that time was $1.35; and he asked to recover on that
basis.   On the other hand, defendant claims that the con-
tract was that he was to pay 90 cents per bushel, plus any
advance in the market at the time defendant should de-
mand delivery of the corn; that he demanded such delivery
about March 20th; and that, at that time, the market price
was $1.00 per bushel: and he alleges that he tendered to
plaintiff, before the trial and at the trial, the amount he
claimed he owed plaintiff on that basis.   It appears that one
load of the corn was delivered some days before the rest,
and plaintiff testifies that, when he delivered the one load
of corn, defendant told him that it was worth $1.23, at that
time, and he thought it would sound all right for all of it;
but plaintiff replied that he didn't think that would be treat-
ing him right, because he had been saving the corn for de-
fendant.   There is little, if any, dispute as to the market
price of corn on the different dates.   The only question of
fact is as to what the contract was, and when the corn was

to be delivered. Under the evidence, this was a question for the jury. The only error assigned is in regard to an instruction given by the trial court. Appellant says, in argument, that, in offering his evidence in respect to the alleged tender, it was his belief that he could establish a valid tender, as he had pleaded; but the evidence disclosed that he had not made a valid tender. The defendant testified that, in a conversation a few days after the corn was delivered, plaintiff wanted $1.35, and defendant told him he did not owe $1.35; and that he tendered him $1.23 per bushel for the corn, as a settlement; that he told plaintiff he didn't consider that he owed what he was going to tender, but would offer it in the form of a settlement, and would withdraw it if plaintiff did not accept it. Plaintiff testified on the same subject, and all the evidence on this subject went in without objection. In the instruction complained of, the trial court referred to this testimony, and then said, in substance:

"Under the strict rules of evidence, this testimony would not have come before you, perhaps. An offer of compromise is not an admission of indebtedness, or any other fact in the case, but this testimony came before you without objection, and is before you, and you are instructed, with reference to such testimony, that it is not to be considered by you as an admission by the defendant that he owed the plaintiff $1.23 per bushel for the corn. It is not to be considered by you in that respect, but only to be considered by you *as bearing upon the contract between the parties with respect to delivery,* if it does throw any light upon that proposition, but it is not to be considered by you as an admission of a debt to the plaintiff in the amount of $1.23 per bushel or any other amount."

The words in italics are the part complained of. The only cases cited by appellant are to the proposition that the instructions of the court constitute the law of the case, and that it is the duty of the jury to follow them, whether right

or wrong. It may be true, as contended by appellant, that such testimony does not throw any light upon the question of delivery. But the central thought of the instruction is that the talk or offer of settlement, at $1.23 per bushel, was not an admission of indebtedness by defendant in the amount of $1.23 per bushel, or any other amount, or an admission of any other fact in the case. Without such instruction, the jury might have considered such evidence as an admission. If plaintiff was here complaining, we might have a different question. It is clear to us that the instruction guarded the interests of the defendant, and was favorable to him, in that it told the jury they could not consider such evidence against the defendant. This being so, there was no prejudice to the defendant, and he has no cause for complaint. No prejudice appears, and the judgment is—*Affirmed.*

LADD, C. J., EVANS and STEVENS, JJ., concur.